**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR.NO: 06- 111 S |
| | : | |
| Manuel Ramon Vargas | : | |

**MOTION TO DISMISS BASED ON 8 USC 1326(d)**

Now comes the defendant, Manuel Ramon Vargas, in the above-entitled matter to respectfully move this Honorable Court to:

A) Schedule an evidentiary hearing to pursuant to 8 USC 1326(d) and United States v. Mendoza-Lopez, 481 US 828, 95 L.Ed. 2d 772, 107 S.Ct. 2148 (1987) to allow him an opportunity to demonstrate that:

(1) he exhausted his administrative remedies in seeking relief from the deportation order referenced in this matter or alternatively that he was unfairly deprived of an opportunity to do so in violation of his due process rights;

(2) said deportation proceedings deprived him of judicial review; and

(3) the entry of said deportation order was fundamentally unfair.

(B) Find that said order was invalid and to dismiss the Indictment in the above captioned matter.

In support of this Motion Defendant attaches a memorandum

and shall submit documentary evidence provided from the government's response to discovery, as well as Defendant's testimony.

Manuel Ramon Vargas
By his attorney,

/s/MARK B. LAROCHE, Esq. #4681
MARK B. LAROCHE, Esq. #4681
10 Dorrance Street #515
Providence, RI 02903
(401) 751-1919

CERTIFICATION

I, the undersigned, do hereby certify that on February 2, 2007, I served a copy of the within Motion to Zachary Chafee Asst. U.S. Attorney, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

/s/MARK B. LAROCHE, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR.NO: 06- 111 S |
| | : | |
| Manuel Ramon Vargas | : | |

**DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BASED ON 8 USC 1326(d)**

**Facts**

On or about Defendant February 10th 2001 Defendant, MANUEL RAMON-VARGAS d.o.b. 3/12/78, lawfully entered the United States as a Nonimmigrant Visitor. He was granted Temporary Conditional Resident status on March 9th, 2004.

On or about April 29th, 2004 and May 28th, 2004 Defendant appeared before the Lawrence, Massachusetts District Court under a criminal complaint identifying him as ELVIS SANTIAGO d.o.b. 8/14/76, and he was convicted of two separate charges of Possession with the Intent to Distribute Cocaine.

In September 2004 he was served with a Notice to Appear alleging that he was subject to removal from the United States, and he was detained incarcerated at that time.

On September 29th, 2004 he remained incarcerated by the government and, pursuant to transcript provided by the government, he advised an Immigration Judge:

> ‘No, I want the hearing to start after the tenth day. My family has an appointment with a lawyer tomorrow that might

> represent me. They told me that it would take ten days for the process to start.'

On October 20th, 2004 the Immigration Judge granted his request for a postponement so he could get a lawyer.

On November 3rd, 2004 Defendant had paid over $6,000 to attorney Stephen Judge, a lawyer from Lynn, MA to represent him in the immigration case and to vacate the Lawrence District Court convictions. He advised the Immigration Judge:

> 'When I last talked to him [attorney Judge] he asked me to ask for a postponement, because he is working on my case and he's preparing in order to represent me. He told me for the next heaing date, he'll be prepared to proceed.'

On November 10th, 2004 the Immigration Judge found that he was subject to removal, but did not advise him that he was an 'aggravated felon' or that he was not eligible for relief from removal or deportation, and ordered Defendant to be removed based on the convictions and told him he could appeal that decision, Defendant stated to the Immigration Judge:

> '- - what I don't understand is why you made the, my deportation order so quickly. My lawyer is working with the Criminal Court to reopen my criminal case, because my prior attorney did not do a good job on it.....'

The Immigration Judge stated:

> 'Now, sir, if you end up being removed and go back to the Dominican Republic, you can't come back here illegally. If you come illegally, you'd be subject to criminal prosecution.'

On December 9th, 2004 Attorney Judge filed an appeal of that Order of Removal to the Board of Immigration Appeals (BIA) in Virginia.

On March 3rd, 2005 Attorney Judge, without Defendant's authorization, advised the BIA of Defendant's desire to withdraw and dismiss his appeal, and to be removed from the U.S. to the Dominican Republic as soon as possible.

On March 15th, 2005 the BIA dismissed Defendant's appeal, precluding any opportunity for judicial review of the November 10th 2004 Order of Removal.

**Standard of Review**

A collateral attack on the underlying deportation [pursuant to 8 USC 1326(d)] constitutes a challenge to one of the elements pleaded in the indictment and thus must be raised by way of a pretrial motion to dismiss the indictment. US v. McCalla, 821 F.Supp. 363 (ED Pa 1993). As setforth in US v. Luna, 436 F.3d 312,317 (1st Cir. 2006):

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that --(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. These elements are in the conjunctive; therefore, a defendant must satisfy all of them to successfully attack his removal order. See United States v. Roque-Espinoza, 338 F.3d 724, 728 (7th Cir. 2003); Wilson, 316 F.3d at 509; United States v. Fernandez-Antonia, 278 F.3d 150, 157 (2d Cir. 2002); United States v. Lepore, 304 F. Supp. 2d 183, 186 (D. Mass. 2004).

**Argument**

A. Exhaustion of Administrative remedies 8 USC 1326(d)(1):

The evidence provided in the government's response to

discovery provided a BIA Notice-Briefing Schedule indicating timely receipt and filing of Defendant's appeal. Further, that appeal was dismissed by the BIA on March 15th, 2005, pursuant to a BIA Order. It states:

> 'This Board has been advised that the respondent's appeal has been withdrawn. See CFR 1003.4. Since there is nothing pending before this Board, the record is returned to the Immigration Court without further action.'

> **8 CFR 1003.4 Withdrawal of appeal.**
>
> PART 1003--EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
>
> Subpart A--Board of Immigration Appeals
>
> In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal thereof with the office at which the notice of appeal was filed. If the record in the case has not been forwarded to the Board on appeal in accordance with § 1003.5, the decision made in the case shall be final to the same extent as if no appeal had been taken. If the record has been forwarded on appeal, the withdrawal of the appeal shall be forwarded to the Board and, if no decision in the case has been made on the appeal, the record shall be returned and the initial decision shall be final to the same extent as if no appeal had been taken. If a decision on the appeal has been made by the Board in the case, further action shall be taken in accordance therewith. Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken. Departure from the United States of a person who is the subject of deportation or removal proceedings, except for arriving aliens as defined in § 1001.1(q) of this chapter, subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.
>
> [61 FR 18907, Apr. 29, 1996, as amended at 62 FR 10331, Mar. 6, 1997]

Defendant contends either that 1) said BIA Order and remand of his file to the immigration court constitutes a final administrative decision pursuant to 8 CFR 1003.4; or alternately

2) his attorney of record, Attorney Judge, at the BIA did not have his authorization to withdraw his appeal from consideration by the BIA, and therefore he was involuntarily precluded from fully exhausting his administrative remedies by conduct of his attorney over which he had no control, in which case he was deprived of his due process rights. In either case no other administrative avenues of appeal or remedies existed in these types of proceeding and Defendant meets the requirements of 8 USC 1326(d)(1).

B. Opportunity for Judicial Review:

In reviewing this requirement the 1st Circuit held in US v. Luna, supra at p. 312,313 that a Defendant's affirmative abandonment of their appeals was required to demonstrate that he was deprived of an opportunity at judicial review :

> United States v. Smith, 36 F.3d 128, 130-31 (1st Cir. 1994) (no deprivation of meaningful review where defendant under advice of counsel signed a motion withdrawing his appeal and provided no evidence that his waiver was involuntary); United States v. Smith, 14 F.3d 662, 664-65 (1st Cir. 1994) (no deprivation of meaningful review where defendant under advice of counsel filed an appeal but then later voluntarily withdrew his appeal); United States v. Vieira-Candelario, 6 F.3d 12, 15 (1st Cir. 1993) (same).

Defendant's present case is distinguishable because he did not knowingly, intelligently and voluntarily waive his right to appeal to the BIA, and he further asserts a violation of his right to be represented by legal counsel.

As set forth in United States v. Smith, 36 F.3d 128, 131

(1st Cir. 1994):

> 'We must assume that there are some circumstances in which a coerced and involuntary waiver of an appeal constitutes a denial of the opportunity for meaningful judicial review and thus cannot serve as a bar .... to a collateral challenge of a deportation order.'.........
>
> As with motions to suppress evidence, alleged constitutional infirmities in maters collateral to the elements of the charged offense involve complex questions of both law and fact that are appropriately determined by the court in a preliminary hearing. Smith supra at 132.

If, after a evidentiary hearing, this court determines that Defendant's waiver of his BIA appeal rights was involuntary, such a finding supports a determination that he was deprived of an opportunity for judicial review.

> Depriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense. United States v. Mendoza-Lopez, 481 U.S. 828 (1987).

C. Fundamental Fairness:

Defendant asserts that 1) the Immigration Judge's denial of a postponement to allow his choice of legal counsel to represent him at the November 10th, 2004 deportation hearing;
2) the immigration judge's failure to make findings as to the availability of relief and to so advise defendant; and
3) the involuntary waiver of his BIA appeal rise to the level a fundamental deprivation of his due process rights. The First Circuit has indicated that the aggregate of such circumstances may create an **exception** to the requirement that a defendant must show prejudice in the sense of a reasonable likelihood that the

result of his deportation proceedings would have been different if such errors had not occurred. As set forth in Us v. Loaisiga, 104 F3d 484, 487 (1st Cir. 1997):

> At least for a collateral attack on a now-final deportation order, the defendant must show prejudice in the sense of a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred. Although nuances differ, a prejudice showing appears to be required in every circuit that has considered such collateral attacks during a prosecution under section 1328. [2] Several courts have found this requirement implicit in Mendoza-Lopez, pointing out that absent prejudice, a proceeding cannot be deemed fundamentally unfair. E.g., Espinoza-Farlo, 34 F.3d at 471.
>
> Even a showing of prejudice would not suffice if **Loaisiga** had obtained a fair opportunity to file a direct appeal from his deportation order. In such a case, the appeal is the means to correct error and a later attack in the criminal proceeding is barred. Mendoza-Lopez, 481 U.S. at 839. But **Loaisiga** says that his opportunity to appeal was undercut by the alleged due process violation, namely, the failure to remind him of his right to counsel for an appeal. And we find it harder to resolve that issue than to decide that, in all events, he has made no showing of prejudice.
>
> The "right to counsel," says **Loaisiga**, is an exception to the general rule that prejudice must be shown. But argument by talisman is not very productive; impairments of the right to counsel differ in degree and context, and such differences affect whether and to what extent prejudice must be shown. See Scarpa v. Dubois, 38 F.3d 1, 12 (1st Cir. 1994), cert. denied, 115 S. Ct. 940 (1995). Perhaps there may be deportations where a denial of counsel was so flagrant, and the difficulty of proving prejudice so great, as to argue for presuming harm. Cf. Lozada, 857 F.2d at 13. But this is not such a case.

As Defendant's right to legal counsel of his own choice pursuant to 8 CFR 242.16(a) was denied and his appeal rights involuntarily waived, he asserts that such a combination of fundamental rights creates such a exception to showing actual prejudice.

Further, Defendant asserts that the Immigration Judge's failure to inquire into whether he was available for relief or

make findings as to his status as an 'aggravated felon' or to so advise him is a per se fundamental due process violation, even if defendant may not have been eligible for such relief. As as set forth in U.S. v. Lepore, 304 F.Supp.2d 183:

> Moreover it is perfectly sensible to talk about a liberty or property interest in a right to apply for Section 212 (c) relief even if there is no such interest in that relief itself, particularly when consideration of potential eligibility goes to the heart of a deportation hearing's fairness. Such a distinction is at work in cases like El Moraghy v. Ashcroft, 331 F.3d 195 (1st Cir. 2003), where the First Circuit held that a hearing officer's denial of Section 212(c) relief was not based on substantial evidence, because the officer failed even consider factors it was required to consider in making its determination. Id. At 201. El Moraghy stands for the proposition an alien is entitled to a particular kind of inquiry, although not necessarily to any particular result from that inquiry. Lepore at 197-198.

**Conclusion:**

For the reasons stated above Defendant respectfully requests an evidentiary hearing and that this Honorable Court order that any evidence of a final order of deportation against him be suppressed and that the Indictment be dismissed, and any further relief this Court deems just and necessary.

Manuel Ramon Vargas
By his attorney,

/s/MARK B. LAROCHE, Esq. #4681
MARK B. LAROCHE, Esq. #4681
10 Dorrance Street #515
Providence, RI 02903
(401) 751-1919

CERTIFICATION

I, the undersigned, do hereby certify that on February 2, 2007, I served a copy of the within Motion to Zachary Chafee Asst. U.S. Attorney, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

/s/MARK B. LAROCHE, Esq.