IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. : CR.NO. 06-111S
:
MANUEL RAMON VARGAS :

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT TO 8 U.S.C. § 1326(D**

Comes now the United States of America, by and through its attorney's Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to Petitioners Motion to Dismiss the Indictment for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorney's

/s/Zechariah Chafee
ZECHARIAH CHAFEE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401)709-5000
(401)709-5001(fax)
Zechariah.chafee@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, I caused a copy of the Government's Objection To Defendant's Motion to Dismiss The Indictment to be filed with the United States District Court for the District of Rhode Island, using the CM/ECF System to:

Mark B. Laroche, Esq.
10 Torrance Street #515
Providence, RI 02903
(401)751-1919

/s/Zechariah Chafee
ZECHARIAH CHAFEE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401)709-5000
(401)709-5001(fax)
Zechariah.chafee@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR.NO. 06-111S |
| | : | |
| MANUEL RAMON VARGAS | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT TO 8 U.S.C. § 1326(D)**

## I. INTRODUCTION

Defendant has moved to dismiss this indictment, arguing 8 U.S.C. § 1326(d) problems. Defendant's motion should be denied.

## II. FACTS

Defendant is a native and a citizen of the Dominican Republic and not of the United States. In the Spring of 2004 he pled guilty in District Court of Lawrence, Massachusetts to two charges of possession of a Class B substance with intent to distribute. The date of the commission of the first offense was November 6, 2003 and the second, March 22, 2004. He was convicted when the name of Elvis Santiago aka Manuel Ramon Vargas.

After receiving notice of a pending deportation proceeding defendant appeared before Immigration Judge Paul M. Gagnon in Boston on September 29, 2004. He obtained a continuance to October 6, 2004 to engage counsel and appear again. On October 20, 2004 defendant again appeared for a removal hearing before Judge Gagnon and told the court that he had engaged Stephen Judge, Esq. and asked for continuance because Mr. Judge was

preparing the case. The court told defendant to re-appear on November 3 with his lawyer or else he would have to represent himself.

On November 3, 2004 defendant appeared before Judge Gagnon without his lawyer. The court administered oath and asked defendant where his lawyer was. Defendant said his lawyer was Stephen Segal and said that Segal had told him to seek another continuance. (Stephen Segal and Stephen Judge are law partners). The court re-scheduled the hearing for November 10, 2007.

On November 10 the hearing re-convened and defendant represented himself. After being sworn in defendant was questioned by the Judge Gagnon. Defendant agreed that he is not a citizen of the United States but is a citizen of the Dominican Republic. He admitted that he had been convicted on April 29, 2004 and May 28, 2004 of the narcotics felonies described above. Defendant said, however, that he had not committed the crimes of "selling drugs" and was not guilty. The certificates of convictions were admitted into evidence and the court found that defendant had been convicted. The court ordered him removed and told him he could appeal. Defendant said he would appeal, and the court gave defendant the appeal paperwork and the date of December 10, 2004 for having the appeal at the Board of Immigration Appeals. The court warned him that if he returned after deportation he would be subject to criminal prosecution.

Attorney Stephen Judge filed notice of appeal with the BIA. However on March 3, 2005 the Judge moved to withdraw and dismiss the pending appeal. In his motion the Judge stated that "respondent" (defendant) was personally aware of the situation and wished to waive his pending appeal and to be immediately removed from the United States. Counsel stated that he was unable to find any relevant flaws in the conviction that were the basis for defendant's Removal Order and that defendant knew that he was not eligible for release or on bond (In other words, defendant was detained pending resolution of his appeal.) The motion was granted by the BIA in an order dated March 15, 2005. Defendant was deported to the Dominican Republic on May 21, 2005 from Logan Airport.

On October 3,2 006 defendant was in a car that was stopped for speeding on Rte 195 in East Providence, RI. Police checks with law enforcement data banks revealed that defendant had been deported and he was arrested.

**III. ARGUMENT**

Before getting into the details of the argument the government recommends United States v. Dagoberto Luna, 436 F.3d 312 (2005) for an excellent discussion of 8 U.S.C. § 1326(d).

Defendant's argument boils down to his contention that he did not approve of the withdrawal of his appeal of his

deportation order. But in fact he did. His lawyer's letter to the BIA set forth these facts. Defendant was informed by his lawyer that there was no basis for a sound attack on the criminal convictions that were the grounds for his deportation. Defendant was detained pending the disposition of his appeal. Rather than wait in detention for an appeal that would be fruitless, defendant agreed to the withdrawal of his appeal and sought immediate removal to the Dominican Republic.

Defendant further argues that the Immigration Judge should have given him a continuance of his removal hearing "to address his choice of counsel." The reason is clear that defendant had chosen counsel i.e. Stephen Segal and Stephan Judge of the firm of Segal, Judge Associates. Defendant told the court that his lawyers were trying to overturn his underlying criminal convictions. After two adjournments the court refused a third, heard evidence, found defendant removable and ordered his removal. It was not a criminal proceeding where defendant would have had to be represented by counsel. He was informed of his right to appeal and initially availed himself of that right until he later voluntarily withdrew his appeal.

In any event defendant has not come close to showing a reasonable likelihood that, but for the errors he alleges, the result would have been different. That would have been a showing of prejudice.

A defendant who seeks to challenge the validity of his deportation order must demonstrate that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). Under this prong courts uniformly require a showing of procedural error and prejudice. United States v. Luna at 319. There just has been no showing on this point.

## IV. CONCLUSION

For the foregoing reasons defendant's motion must be denied.

Respectfully submitted,
UNITED STATES OF AMERICA,
By its Attorney's

/s/Zechariah Chafee
ZECHARIAH CHAFEE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401)709-5000
(401)709-5001(fax)
Zechariah.chafee@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, I caused a copy of the Government's Memorandum In Support Of It's Objection To Defendant's Motion to Dismiss The Indictment to be filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

Mark B. Laroche, Esq.
10 Torrance Street #515
Providence, RI 02903
(401)751-1919

/s/Zechariah Chafee
ZECHARIAH CHAFEE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401)709-5000
(401)709-5001(fax)
Zechariah.chafee@usdoj.gov