UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL RAMON VARGAS,<br>a/k/a ELVIS SANTIAGO,<br>Defendant. | CR. No. 06-111 S |

MEMORANDUM AND ORDER

William E. Smith, United States District Judge.

The matter before the Court is the motion of Defendant Manuel Ramon Vargas ("Vargas") to dismiss his indictment pursuant to 8 U.S.C. § 1326(d). According to the indictment, Vargas, who previously had been deported, reentered the United States in violation of 8 U.S.C. §§ 1326(a), (b)(2). The Court held an evidentiary hearing at defense counsel's request on February 16, 2006, and took the matter under advisement. After careful consideration, the motion is denied for the reasons that follow.

I. Pertinent Facts

Vargas emigrated from the Dominican Republic in 2001. Approximately three years later, he pled guilty in Massachusetts state court to charges of possession of cocaine with intent to distribute. On September 29, 2004, Vargas appeared before an immigration judge (the "IJ") in Boston, Massachusetts. At the

hearing, Vargas sought and received a three-week continuance to retain counsel. When the hearing reconvened on October 20, Vargas returned without an attorney. He informed the IJ that he had hired a lawyer, Stephen Judge, but requested another continence so his attorney "could prepare for the case." The IJ agreed to continue the case until November 3, but warned Vargas: "if you don't have a lawyer then, you're going to have to represent yourself." Again, Vargas returned without counsel. This time, he explained that his new attorney, Stephen Segal, "asked me to ask Your Honor for a future hearing, or another postponement, because he is working with my case." (As it turns out, Stephen Segal and Stephen Judge are law partners.) Over the government's objection, the IJ rescheduled the case for the next week.

On November 10, Vargas returned, for the third time, without an attorney. The IJ proceeded with the hearing anyway, with Vargas representing himself. In response to the IJ's questions, Vargas conceded that he was not a United States citizen; stated that he did not believe he would be tortured or otherwise persecuted if deported to the Dominican Republic; and admitted that he had been convicted of possession with intent to distribute. Attempting to mount a defense, Vargas claimed that he was not guilty of distributing drugs, only selling them; according to Vargas, he had intended to plead guilty to possession. After reviewing the records of conviction, the IJ ordered Vargas to be removed to the

Dominican Republic. The IJ told Vargas that he could appeal the decision to the Board of Immigration Appeals ("BIA"), and gave him the material to do so. The IJ also warned Vargas that he would be subject to criminal prosecution if he returned to the United States.

Vargas filed a timely notice of appeal. However, on March 3, 2005, his attorney of record, Stephen Judge, moved to withdraw and dismiss the pending appeal. The motion, which has the appearance of an affidavit ("I, Stephen D. Judge, Attorney for the Respondent [Vargas], do hereby depose and state as follows"), makes several representations, provided in full below:

1. The respondent is personally aware of the basis for these pending removal proceedings. The respondent appreciates that he is not eligible for release on a bond.
2. The respondent is a citizen of the Dominican Republic and requests removal to said country.
3. The respondent understands and accepts his pending removal from the United States.
4. Undersigned counsel has been researching the possibility that the convictions underlying the respondent's order of removal were obtained in violation of a substantive statutory or constitutional right.
5. These efforts have proven unsuccessful and undersigned counsel has been advised by respondent's family that it is the respondent's wish not to prolong his removal from the United States any longer.
6. The respondent wishes to waive his pending appeal and any required waiting period prior to his removal and also wishes to waive any required or discretionary appearance before a Judge of the Immigration Court.
7. The respondent has had the benefit of legal counsel and his family has expressed his clear desire to

have his appeal dismissed and to accept a final order of removal as quickly as possible.

8. Undersigned counsel is the attorney of record for the Respondent in all matters relating to these Removal proceedings and the Respondent's pending appeal to the Board of Immigration Appeals.

The BIA granted the motion on March 15, 2005. Vargas was deported on March 21, 2005.

A year and a half later, Vargas resurfaced on law enforcement radar screens in East Providence, Rhode Island during a routine traffic stop. The papers do not provide specifics, but it appears that Vargas was detained and his identity thereafter confirmed. This criminal action ensued.

II. <u>The Legal Standard</u>

Under § 1326(a), it is a crime for an individual who has been deported to enter the United States without the prior approval of the Attorney General. An alien indicted for illegally reentering the United States may seek to dismiss the indictment by challenging the validity of the deportation order. <u>See</u> § 1326(d). To succeed, the alien must satisfy three elements: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." <u>Id.</u> (codifying <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828 (1987)). The failure to satisfy a single

element is dispositive. United States v. Luna, 436 F.3d 312, 317 (1st Cir. 2006).

III. Application

Vargas's central argument is that his former attorney withdrew his appeal without authorization, thus depriving him of judicial review and excusing his failure to exhaust administrative remedies. Moreover, the unauthorized withdrawal of the appeal, in conjunction with the IJ's failure to provide a further continuance or to advise him of available relief, deprived Vargas of due process; this, Vargas claims, made the entry of the removal order fundamentally unfair. The government argues, on the other hand, that Vargas has failed to satisfy all three elements under § 1326(d), but focuses its assault on the second and third. Even crediting his story about the withdrawal, the government explains, Vargas cannot succeed because nothing at the removal hearing deprived him of the opportunity for judicial review, as § 1326(d)(2) demands. Also, the government contends that Vargas cannot overcome the high burden imposed by § 1326(d)(3), which requires a showing of prejudice.

Because Vargas has failed to make the requisite showing of prejudice, the Court limits its analysis to that factor. Under the First Circuit's construction of § 1326(d)(3), Vargas "must show prejudice in the sense of a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred." United States v. Loaisiga, 104 F.3d

484, 487 (1st Cir. 1997); see also Luna, 436 F.3d at 319-20 (applying Loaisiga). Extracting dictum from Loaisiga, 104 F.3d at 488 ("Perhaps there may be deportations where a denial of counsel was so flagrant, and the difficulty of proving prejudice so great, as to argue for presuming harm."), Vargas contends that a combination of errors excuses his inability to show prejudice.

This argument is without merit. Assuming without deciding that the First Circuit would presume harm were the issue squarely before it, the errors Vargas alleges (if they are errors at all) are not so flagrant as to warrant such a presumption here. The argument that the IJ failed to advise Vargas of the availability of relief is entirely nondescript and fatally undeveloped. Cf. McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991); Rodriguez v. United States, No. 04-285-ML, 2006 WL 753079 at *7 n.11 (D.R.I. Mar. 21, 2006). (Surely, Vargas cannot claim that the IJ did not advise him of his right to seek counsel or to contest the removal order on appeal.) Also, the IJ's refusal to grant yet another continuance to retain counsel (or to convince counsel to show up at the hearing), when he had already granted several, hardly rises to the level of a due process deprivation. See Zheng v. Gonzales, 464 F.3d 60, 62-63 (1st Cir. 2006); see also 8 U.S.C. § 1362 (defendant in removal proceedings "shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose").

All that remains is the allegation that Stephen Judge withdrew the appeal without authorization from Vargas (either directly or through his family). The only evidence for this assertion is Vargas's own testimony, which, without more, does not stand up to reason. For example, it is implausible that Vargas would not have attempted to contact Stephen Judge at some point after the removal had he not authorized the withdrawal motion. Defense counsel presented no witnesses (Stephen Judge, family members, et cetera) to corroborate, or documentary evidence tending to support, this testimony. Even if Vargas simply was apathetic to his plight, the Court discounts his testimony because he lacks credibility. As the government brought out on cross-examination, Vargas, a convicted felon, fraudulently obtained a Massachusetts driver's license under the alias Elvis Santiago and spuriously represented himself as such. This failure of evidence does little to disturb the veracity of the detailed representations provided in the motion to withdraw.

Consequently, because Vargas has failed to show prejudice, he cannot collaterally attack his removal order under § 1326(d). See Luna, 436 F.3d at 319-23. Although the Court need not address the remaining elements, the corollary of the finding that Vargas authorized the motion to withdraw is that he has failed to satisfy them as well.

## IV. Conclusion

For all the foregoing reasons, the motion to dismiss is DENIED.

It is so ordered.

William E. Smith
United States District Judge

Date: 2/22/07