UNITED STATE DISTRICT COURT
FOR DISTRICT OF RHODE ISLAND

Manuel Vargas
Petitioner

Docket No: 1:06CR00111-01S

Vs.

United State Of America
Respondent

## MOTION FOR SENTENCE ADJUSTMENT

Comes now the Petitioner to move this Honorable Court for Sentence adjustment the reasons are stated within.

(1) The Defendant/Petitioner, a non- Citizen Alien was convicted for Re-enter 1326(b)(2).

(2) The Petitioner was sentence to 30 months and is presently his time at Geo Group Inc. 98 West County Road 204 Pecos Texas 79772. Because of his status as a deportable alien.

(3) The Petitioner was ineligible to receive rewards, which are offered for the residential drug abuse program (D.A.P.).

(4) The Petitioner cannot receive to serve a timely house release.

(5) These places the Defendant/Petitioner to serve a sentence under circumstances more serve than those facing Citizens under similar circumstances. "Collateral Consequences" are not part of the judgment of conviction and are not imposed upon the defendant for the purpose of punishing him.

The issue presented by this case is whether unusual harsh Collateral Consequences that are visited by Law on a defendant as a result of his conviction may provide a basic for mitigating the penal sanction that would otherwise be required by the sentencing guidelines.

Collateral Consequences are not part of punishing him. the effect of such consequences however, is as punitive as a term of incarceration. This is particular true in this case where the Collateral Consequence is deportation and where a consequence of that consequence is a longer period of imprisonment under more serve conditions that would apply to a United States Citizen convicted of the same offence. See U.S. Vs. Restrepo, cite as 802 F. Supp. 781 (E.D.N.Y.1992).

Solely because of his status as a deportable alien, the defendant's sentences will be served under circumstances that are more severe than those facing United States Citizens under similar circumstances. Unlike United States Citizens who commit

the same offense, who are equally culpable and who receive to serve his sentence in minimum security facility, nor a portion of the last ten (10) percent of his sentence in a half-way house or other community custody program including home confinement, Defendant/Petitioner has the right to receive a reduction not to exceed six (6) months.

CONCLUSION

Defendant/Petitioner feels that he is entitled to the above mentioned six (6) months reduction of sentence under U.S. Vs. Restrepo, cite as 802 F. Supp. 781 (E.D.N.Y.1992).

Defendant/Petitioner is not a learned man of the Law and therefore asks this Honorable to read this Motion with leniency afforded to such an unlearned man of the Law.

Defendant/Petitioner prays that this Honorable Court Grant him and order for the request adjustment of sentence.

Done this 4 March 2008

Respectfully Submitted
Manuel Vargas
Manuel Vargas
BOP# 05798-070
Reeves County Detention Center
R I Unit G-3
P.O. Box 1560
Pecos, TX. 79772

CERTIFICATE OF SERVICE

I Manuel Vargas do hereby certify that the original copy of Motion for sentence adjustment was sent to the Clerk Office upon the address of U.S. District Court One Exchange Terrace Providence, RI. 02903. By U.S. First Class mail this 3 March 2008

Manuel Vargas
Manuel Vargas
Defendant/Petitioner